

Michael Wyche

Plaintiff,

V.

Experian Information Solutions, Inc.,

Defendant.

Civil Action No.

JURY TRIAL DEMANDED

## COMPLAINT AND DEMAND FOR JURY TRIAL

## PRELIMINARY STATEMENT

1.  This is an action for actual damages, statutory damages, and costs brought by Plaintiff Michael Wyche against Experian Information Solutions, Inc. ("Experian") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

## JURISDICTION AND VENUE

2.  Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, which confers federal question jurisdiction on this Court.

3.  Experian is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court.

4.  Venue is proper in this district because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Commonwealth of Massachusetts, and Plaintiff resides in this district.

## PARTIES

5. Plaintiff Michael Wyche ("Mr. Wyche" or "Plaintiff") is a natural person residing in Westport, Massachusetts. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

6. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business at 475 Anton Blvd., Costa Mesa, CA 92626.

7. Experian is a nationwide Consumer Reporting Agency ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet. As a CRA, Experian is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

### A. Plaintiff's December 2025 Consumer Disclosure

8. On or about December 16, 2025, I requested a copy of my consumer credit disclosure from Experian through annualcreditreport.com. Experian provided an electronic copy of my consumer disclosure bearing Report Number 2338-7440-48 ("Experian's Disclosure").

9. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of my request, Experian was required to clearly and accurately disclose all information in my file at the time of my request, with the limited exception that my Social Security number could be truncated upon request.

**B. The Bank of America Credit Card -- Highest Balance Exceeds Credit Limit**

10.    Experian's Disclosure reflects a Bank of America credit card account (Account Number 440066XXXXXXXXXX) ("Bank of America Account") with a Credit Limit of $1,100 and a Highest Balance of $1,177.

11.    The Highest Balance of $1,177 exceeds the Credit Limit of $1,100 by $77.00.

12.    At no time did I incur overlimit charges or authorize charges in excess of the stated credit limit. Experian's reporting of a Highest Balance exceeding the Credit Limit therefore misrepresents my actual account history and presents a materially misleading picture of my creditworthiness to prospective creditors reviewing the report. This mathematical impossibility -- a Highest Balance exceeding the Credit Limit -- demonstrates that Experian failed to maintain reasonable procedures to assure maximum possible accuracy of the information it reports concerning me, in violation of 15 U.S.C. § 1681e(b).

13.    The status of this account is reported as "Paid in settlement. $1,177 written off," and separately notes "Account paid in full for less than full balance." These two statements are internally inconsistent: a settlement resulting in a write-off is not a payment in full for less than the full balance in any ordinary sense. This internal contradiction presents an inaccurate and confusing picture of the account's resolution to any prospective creditor reviewing my report.

**C. The Barclays Bank/Old Navy Account**

**Highest Balance Exceeds Credit Limit and Balance History Inconsistency**

14.    Experian's Disclosure reflects a Barclays Bank/Old Navy charge card account (Account Number 000539XXXXXXXXX) ("Barclays Account") with a Credit Limit of $300 and a Highest Balance of $417.

15. The Highest Balance of $417 exceeds the Credit Limit of $300 by $117.00.

16. At no time did I incur overlimit charges or authorize charges in excess of the stated credit limit. Experian's reporting of a Highest Balance exceeding the Credit Limit therefore misrepresents my actual account history and presents a materially misleading picture of my creditworthiness to prospective creditors reviewing the report. This mathematical impossibility -- a Highest Balance exceeding the Credit Limit -- demonstrates that Experian failed to maintain reasonable procedures to assure maximum possible accuracy of the information it reports concerning me, in violation of 15 U.S.C. § 1681e(b).

17. Additionally, the balance history for the Barclays Account reflects a Credit Limit of $300 from October 2024 through August 2025, but a separate Credit Limit of $900 from June 2024 through September 2024. The Disclosure does not explain what triggered this apparent credit limit reduction, nor does it reconcile the Highest Balance of $417 against the reduced $300 limit.

18. The Barclays Account balance history reflects a "Paid" date of July 26, 2024 for the scheduled payments listed from October 2024 through July 2025, even though the balance was not decreasing during those months and the account was simultaneously reporting as charged off. This creates an internally contradictory payment record.

**D. The JPMCB Card -- Highest Balance Exceeds Credit Limit**

19. Experian's Disclosure reflects a JPMCB Card account (Account Number 414720XXXXXXXXXX) ("JPMCB Account") with a Credit Limit of $8,500 and a Highest Balance of $8,562.

20. The Highest Balance of $8,562 exceeds the Credit Limit of $8,500 by $62.00.

21. At no time did I incur overlimit charges or authorize charges in excess of the stated credit

limit. Experian's reporting of a Highest Balance exceeding the Credit Limit therefore misrepresents my actual account history and presents a materially misleading picture of my creditworthiness to prospective creditors reviewing the report. This mathematical impossibility -- a Highest Balance exceeding the Credit Limit -- demonstrates that Experian failed to maintain reasonable procedures to assure maximum possible accuracy of the information it reports concerning me, in violation of 15 U.S.C. § 1681e(b).

### E. The Department of Education/Nelnet Account

### Inaccurate Delinquency Reporting

22. Experian's Disclosure reflects a Department of Education/Nelnet student loan account (Account Number 900000XXXXXXXXX) ("Nelnet Account") with an original balance of $63,784 and a current balance of $86,508.

23. The balance history for the Nelnet Account reflects that the most recent "Paid" date for every single monthly entry in the balance history is August 5, 2023. The most recent balance history entry for October 2025 reflects a payment date of August 5, 2023, which is approximately 26 months prior. This stale and repetitive payment date notation does not accurately reflect Plaintiff's actual payment history on this account and creates a misleading picture of account activity.

24. The Nelnet Account is reported with a status updated November 2025 and reflects delinquencies from January 2025 through August 2025. However, the payment history grid shows "No Data" (ND) for numerous months. The inconsistent combination of delinquency notations and "No Data" entries renders the payment history inaccurate and misleading.

**F. Plaintiff's Pre-Suit Dispute and Experian's Failure to Reinvestigate**

25.    On or about December 2025 to January 2026, approximately three to four months before the filing of this Complaint, I submitted a written dispute to Experian identifying the specific inaccuracies described in this Complaint, including the mathematically impossible Highest Balance figures exceeding stated credit limits on the Bank of America, Barclays, and JPMCB accounts, as well as the payment history deficiencies on the Nelnet account.

26.    I submitted the dispute through Experian's online dispute portal at Experian.com/dispute.

27.    Pursuant to 15 U.S.C. § 1681i(a)(1), upon receipt of a written dispute from a consumer regarding the completeness or accuracy of any item of information contained in the consumer's file, Experian was required to conduct a free and reasonable reinvestigation to determine whether the disputed information was inaccurate and, if so, to correct or delete it within 30 days of receiving the dispute.

28.    Experian either failed to correct the inaccuracies identified in my dispute, failed to conduct a reasonable reinvestigation of the disputed items, or provided an inadequate response that left the materially inaccurate information in my file unchanged. The mathematical impossibilities identified -- Highest Balance figures exceeding Credit Limits -- were not corrected in my consumer file notwithstanding my dispute.

29.    Experian's failure to correct patently inaccurate information following a consumer dispute, particularly information reflecting mathematical impossibilities, constitutes a violation of 15 U.S.C. § 1681i.

## DAMAGES

30. The inaccurate information described above has been and continues to be disseminated by Experian in consumer reports furnished to third parties, including prospective creditors. As a result of Experian's conduct, I have suffered actual damages, including but not limited to: damage to my credit reputation and creditworthiness; the expenditure of time and resources to investigate and dispute the inaccurate information; emotional distress, frustration, and anxiety caused by seeing materially inaccurate information published in my consumer report and the inability to correct it despite my dispute. Specifically, as a result of the inaccurate information Experian has disseminated in my consumer reports, I have been unable to qualify for credit on favorable terms, have suffered damage to my reputation with prospective creditors, and have experienced ongoing emotional distress and loss of sleep.

## EXPERIAN'S WILLFUL NONCOMPLIANCE

31. Experian's violations of the FCRA were willful within the meaning of 15 U.S.C. § 1681n and Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007). Willful noncompliance includes not only knowing violations but also reckless disregard of a consumer's rights under the FCRA.

32. The reporting of a Highest Balance exceeding a Credit Limit is a mathematical impossibility on its face. Any reasonable reinvestigation procedure would have detected this error. Experian's failure to identify and correct this category of error -- across multiple accounts on my report -- demonstrates reckless disregard for the accuracy of the consumer report information it maintains and disseminates.

33. The Consumer Financial Protection Bureau has identified Experian's systematic failures

in maintaining accurate consumer report information. Experian's continuing publication of mathematically impossible data following a consumer dispute further evidences willfulness.

34.    The FTC Advisory Opinion to Darcy (June 30, 2000) addresses the obligation of CRAs to clearly and accurately disclose all information in a consumer's file. Experian is aware of its disclosure and accuracy obligations and has been on notice of them for decades. Its continued maintenance and dissemination of facially inaccurate data, including balance figures that exceed credit limits, constitutes reckless disregard of its FCRA obligations.

## COUNT I

## VIOLATION OF 15 U.S.C. § 1681e(b)

**(Failure to Maintain Reasonable Procedures to Assure Maximum Possible Accuracy)**

35.    I adopt and incorporate the allegations of paragraphs 1 through 34 as if fully stated herein.

36.    Experian violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy in the preparation of my consumer report and the consumer reports it furnished about me to third parties. Specifically:

(a) Experian reported a Highest Balance of $1,177 against a Credit Limit of $1,100 for the Bank of America Account, a mathematical impossibility;

(b) Experian reported a Highest Balance of $417 against a Credit Limit of $300 for the Barclays Account, a mathematical impossibility;

(c) Experian reported a Highest Balance of $8,562 against a Credit Limit of $8,500 for the JPMCB Account, a mathematical impossibility;

(d) Experian reported internally inconsistent and contradictory status descriptions for the Bank of America Account;

(e) Experian reported stale and repetitive payment dates for the Nelnet Account, rendering the payment history misleading; and

(f) Experian reported inconsistent delinquency notations and "No Data" entries for the Nelnet Account.

37. As a result of Experian's violation of § 1681e(b), I suffered actual damages as described herein.

38. Experian's violation of § 1681e(b) was willful or, in the alternative, negligent.

## COUNT II

## VIOLATION OF 15 U.S.C. § 1681i

**(Failure to Conduct Reasonable Reinvestigation Following Consumer Dispute)**

39. I adopt and incorporate the allegations of paragraphs 1 through 34 as if fully stated herein.

40. Following my dispute submitted on or about December 2025 to January 2026, Experian was required under 15 U.S.C. § 1681i to conduct a reasonable reinvestigation of the disputed information within 30 days.

41. Experian violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation and failing to correct the inaccurate information identified in my dispute, including:

(a) The mathematically impossible Highest Balance exceeding the Credit Limit for the Bank of America Account;

(b) The mathematically impossible Highest Balance exceeding the Credit Limit for the Barclays Account;

(c) The mathematically impossible Highest Balance exceeding the Credit Limit for the JPMCB Account; and

(d) The payment history inaccuracies on the Nelnet Account.

42.    As a result of Experian's violation of § 1681i, I suffered actual damages as described herein.

43.    Experian's violation of § 1681i was willful or, in the alternative, negligent.

## PRAYER FOR RELIEF

WHEREFORE, I respectfully request that this Honorable Court enter judgment against Experian and award the following relief:

(a) Actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1);

(b) Statutory damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);

(c) Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

(d) Costs of suit pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

(e) Such other and further relief as this Court deems just and proper.

Respectfully submitted,

Michael Wyche

Michael Wyche

Pro Se Plaintiff

58 Tickle Rd. Unit 2E

Westport MA, 02790

mwyche9@gmail.com

Dated: March 25, 2026

## EXHIBIT

A. Experian Consumer Report for Michael Wyche, Report No. 2338-7440-48, December 16, 2025.

B. FTC Advisory Opinion Letter to Darcy, June 30, 2000.

C. Notes or screenshots showing Highest Balance figures exceeding Credit Limits and missing/incomplete payment fields.